IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHENIRE HARRELL-CARTER,           *
                                  *
Petitioner,                       *        Civil Action No. WMN-15-3141
                                  *
v                                 *
                                  *
UNITED STATES OF AMERICA          *
                                  *
Respondent.                       *
                                 ***

## MEMORANDUM

On October 15, 2015, Chenire Harrell-Carter filed this action on a pre-printed form for filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. For reasons to follow, the case shall be dismissed without prejudice for lack of jurisdiction.

Harrell-Carter is disputing an April 22, 2015, Affidavit Judgment in the District Court of Maryland for Baltimore City. (ECF 1). She avers she was improperly served in that case. *Id.* Consideration of this petition is informed by reference to the Maryland Judiciary Case Search Website, which shows that realty owned by Harrell-Carter is the subject of a foreclosure action in the Circuit Court for Baltimore City in *Laura H.G. O'Sullivan v. Chemire Harrell-Carter,*[1] *et al.,* Case Number 24O15001996.[2] On October 8, 2015, the Circuit Court found deficiencies in the complaint for foreclosure and the substitute trustees have requested the matter nonetheless proceed. *Id.*

Harrell-Carter's claims are not appropriately presented in this court by way of a § 2255 motion to vacate, a legal avenue for challenging a criminal conviction and sentence. To the

---

[1] Harrell-Carter's first name is shown as Chenire and Chemire on the state electronic docket.

[2] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=24O15001996&loc=69&detailLoc=CC.

extent she may intend to seek a writ of mandamus pursuant to 28 U.S.C. § 2241, this Court cannot act on her claim because federal district courts have no mandamus jurisdiction over state employees. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Harrell-Carter provides no grounds for the court to exercise jurisdiction over this matter. Federal jurisdiction is limited and available only when a "federal question" is presented or there is diversity of citizenship of the parties, neither of which is alleged nor apparent here. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331, 1332. There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

Consequently, the court will dismiss this case for lack of jurisdiction without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A separate order reflecting this memorandum follows.

_11/10/15_  
Date

_/s/_  
William M. Nickerson  
Senior United States District Judge